By the Court.—O’Gorman, J.
—The evidence, regarding it in the light most favorable to the plaintiff, showed that on the evening of February 6,. 1880, he was returning from his day’s work at the corner of Fifty-seventh street and Tenth avenue to his home in East Thirty-first street, and got on one of the defendant’s cars which was going east. It was then a little after seven o’clock and dark. He, had knocked off work at half-past five that evening, and after he left the factory he had gone to a beer saloon where he had drunk two or three glasses of beer with friends whom he met there. Soon after getting on the car, an ac-' tive and angry altercation arose between him and , the conductor of the car as to the money handed by him to the conductor in payment of his fare ; the plaintiff saying that he had given the conductor twenty-five cents and demanded twenty cents change, and the conductor contradicting him and saying that plaintiff gave him only five cents. In the course of the dispute, plaintiff charged the conductor with the intention to pocket his—plaintiff’s—money and beat him out of it, and used toward the conductor abusive and insulting language and was angry and excited. Plaintiff followed the conductor, and was told by him to take his *83 seat and keep quiet. When the Car reached to between Forty-third and Forty-fourth streets and First avenue, plaintiff went out on the rear platform to see where he was; when he got out he said again to the conductor, “ I will fix you in the morning. I will go right up to the depot and report you. I am not going to lose twenty cents by you.” As plaintiff turned on the rear platform the conductor shoved him off the car, and he fell in the snow which, lay on the avenue, and received severe injury. The car was then moving fast and did not stop. The evidence sufficiently shows that plaintiff was angry, excited, violent and abusive; that his conduct attracted the attention of the passengers and was unruly and disorderly.
At the close of the testimony on behalf of'the plaintiff, defendant’s counsel moved the -court for dismissal of the complaint on the grounds—First: That no cause of action bad been made out against the defendant. Second: That it affirmatively appeared by the plaintiff’s evidence that the conductor had been guilty of a willful assault on the plaintiff not in the course of his duty. The trial judge denied the motion, and the chief question now is, whether he erred in so doing.
No evidence was given in this case as to any regulations of the defendant corporation specifying the duties of their conductors, but it seems to have been conceded on both sides on the trial and argument of this case that the conductor had the right to put off a passenger even after paying his fare, if he became disorderly or offensive, and not only possessed the right, but the exercise of that right under certain conditions became a duty he owed to the other passengers. The trial judge so charged in effect, and no exception was taken to his charge in that respect, and it may be taken for -the purposes of this contention as expressing the true rule of law,—and if the conductor in the exercise of such right and acting for the purposes and within the scope of his employment and authority, exceeds or abuses his powers to the injury of any one, in that case, *84 the master-carrier—by whom the conductor has been employed is legally responsible for the injury.
But if the conductor, although acting within the scope of his employment and authority, but without regard to his ■ service to his employer and not for the purpose of performing any duty that he as agent or representative of his employer, was bound to perform, but from malice and in order to effect some purpose of his own, foreign to the employment, wantonly commits an assault upon or causes damage to another—in that case "the act is not the act of the master, but the act of the servant only, and the master is not liable for it (Rounds v. R. R., 64 N. Y. 136; Mott v. Consumers’ Ice Co., 73 Id. 547; Hoffman v. N. Y. Cent. & Hudson River R. R. Co., 87 Id. 31).
Hoffman v. N. Y. Central & H. R. R. Co. (supra) is a strong case on this subject. A boy of nine years of age jumped on the steps of a passenger train passing along the street of this city and sat down on the platform of tiie car. The conductor while the train was in rapid motion kicked the boy from the car. The court of appeals held: “No doubt the kicking of the boy off the car, was not only a wrong to the plaintiff, but was a violation of the duty which the train servants owed to the defendant, to exercise proper care in executing the authority confided to them ; but in most cases, where the master has been held liable for the acts of a servant, the tortious act was a breach of the servant’s duty. In this' case, the authority to remove the plaintiff from the car was vested in the defendant’s servants. The wrong consisted in the time and mode of exercising it. For this the defendant is responsible, unless the brakeman used his authority as a mere cover of accomplishing an independent and wrongful purpose of his own.”
The evidence before the court when the case of the plaintiff in the case at bar had closed, would not warrant the trial judge in holding as matter of law, that the conductor in ejecting the man from the car was acting only from 'malice to accomplish his own private ends, irrespective of *85 the duty he owed the company, defendant. The act may have been flagrant, reckless and illegal, still, if it was within the scope of his employment and authority, and his authority was not used merely for an independent and wrongful purpose of his own, the defendant, his employer, was liable.
The trial judge could not have decided this question as a matter of law. It was a question of fact for the jury on the evidence, and was properly submitted to them.
. At the close of the whole case, the defendant’s counsel requested the court to charge the jury that they should render a verdict for the defendant, which request was denied. Defendant’s counsel also excepted to that part of the charge which stated that “if the conductor was acting in the scope of his employment, but exceeded his duty, the defendant .was responsible,” on the theory that there was no question to go to the jury. I can see no error in either of these rulings. .
Evidence was before the jury, which warranted them in finding that the plaintiff, being violent, offensive, boisterous, unruly and disagreeable to the other passengers in the car, was, by the conductor, violently shoved off the car, while' the same was in quick motion, and severely injured there- - by.
The question of the credibility of the testimony, and the . comparative weight to be attached to it, was wholly for the jury, and their decision thereon should not be disturbed.
Judgment affirmed with costs, and order appealed from affirmed, with $10 costs.
Sedgwick, Ch. J., and Truax, J., concurred.